# Exhibit A

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

VICKEY TURNER                                                    **PLAINTIFF**

V.                                                    **CIVIL ACTION NO. 14-177-WLK**

DR. KEVIN GALLOWAY, D.O. and
JACKSON HMA, LLC d/b/a
CENTRAL MISSISSIPPI MEDICAL CENTER                   **DEFENDANTS**

## FIRST AMENDED COMPLAINT
### Jury Trial Demanded

COMES NOW, Plaintiff Vickey Turner by and through her attorney, and files this First Amended Complaint against Defendants Dr. Kevin Galloway, D.O. and Jackson HMA, LLC d/b/a Central Mississippi Medical Center, and for cause thereof would show as follows.

### A. PARTIES

1.  Plaintiff, Vickey Turner, is an adult resident of Mississippi, residing at 2138 Laurel Hill Road, Carthage, Mississippi.

2.  Defendant, Dr. Kevin Galloway is an adult resident of Illinois residing at 1150 Baytowne Drive #17, Champaign, Illinois, who can be served with process of this Court at 611 West Park Street, Urbana, Illinois 61801-2529. At all times hereinafter mentioned, Defendant Dr. Galloway, D.O. was a doctor of osteopathic medicine licensed to practice medicine in the State of Mississippi and Illinois, practicing in the specialty of Obstetrics and Gynecology.

3.  Defendant Jackson HMA, Inc. (hereinafter "Defendant CMMC") is a corporation organized under and by virtue of the laws of Mississippi, operating under the trade name Central Mississippi Medical Center, with its principal place of business in 1850 Chadwick Drive, Jackson, Mississippi 39204. Defendant Hospital can be served with process by serving its registered agent CSC of Ranking County, Inc. at Mirror Lake Plaza 2829 Lakeland Dr., Suite

1502, Flowood, Mississippi 39232.

## B. JURISDICTION AND VENUE

4.      This Court has jurisdiction over the parties and the subject matter of this action.

Venue is proper herein as one or more Defendants may be found in Hinds County, Mississippi.

## C. FACTS GIVING RISE TO CAUSE OF ACTION

5.      On June 18, 2003, Vickie Turner, a 45 year-old female was admitted to Central

Mississippi Medical Center (hereinafter "CMMC")

6.      On June 19, 2009, Ms. Turner underwent a supposed total vaginal hysterectomy.

According to the Operative Note of Dr. Kevin Galloway, D.O. dictated the uterus was removed,

and, other than some small blood loss, there were no complications. Ms. Turner tolerated the

procedure well and was taken to the recovery room in stable condition.

7.      On June 20, 2003, Ms. Turner was discharged with instructions to follow up in

the office in four weeks. She was given Lorcet for pain, instructed not to lift anything greater to

20-25 pounds, have nothing inserted in her vagina for 8 weeks, and told not to excessively bend

or stoop. Ms. Turner complied with these instructions.

8.      On August 25, 2003, as part of a nine-week follow-up to the total vaginal

hysterectomy, Ms. Turner complied of pain in her right side. Dr. Galloway reported the vaginal

cuff was intact, saying the complaints were mental.

9.      On June 16, 2004, as part of her annual exam, Ms. Turner complained of swelling

in her vaginal area and down her right thigh. Ms. Turner also complained of soreness under her

ribs. She was referred to another doctor for a left hernia. After her treatment at CMMC, Ms.

Turner sought treatment at approximately ten (10) different clinics, hospital, and emergency

room visits for the same symptoms, none of whom noticed the problems she actually had.

10.     On June 16, 2004, as part of her annual exam, Turner complained of swelling in her vaginal area and down her right thigh. She also complained of soreness under he ribs. She was referred to another doctor for a left hernia.

11.     After her treatment at CMMC, Turner began a plethora of treatments at approximately 10 different clinics, hospitals, and emergency room visits for the same symptoms. The list of locations is incorporated by reference and attached as Exhibit "A." None of the above notices her future problem.

12.     On June 17, 2012, on an ER visit to Rush Foundation Hospital at 1314 19th Avenue in Meridian, MS 39301, Dr. Daniel McKeiver found a left ovary cyst causing lower back pain and pelvic pain. This was recorded on June 19, 2012.

13.     On June 25, 2012, Vickey Turner underwent a (1) laparoscopy; (2) total vaginal hysterectomy; (3) bilateral salpingo-oophorectomy; (4) cystoscopy; and (5) lysis of adhesions and enterolysis (performed by Dr. Brooks Gray). The preoperative diagnosis stated Vickey Turner had (1) chronic pelvic pain; (2) left adnexal complex cyst with solid component with elevated CA-125 and CA-19-9; and (3) *an alleged previous hysterectomy*. After the operation, Vickey Turner had the same symptoms in her postoperative diagnosis. A more detailed description is incorporated by reference in Exhibit "A" attached.

### D. Count I

14.     Plaintiff adopts and realleges Paragraphs 1 through 14 of the Complaint as though fully set out here again.

15.     Defendant Galloway did so (a) willfully not inform Vickey Turner he did not either (i) perform a full hysterectomy; (ii) inform Vickey Turner he did complete a full hysterectomy when he did not; and (iii) told Vickey Turner her post-operative complaints were

"mental" and not due to Galloway's failure to remove the relevant organs and tissue generally

performed in a full hysterectomy; and  (b) Vickey Turner exercised due diligence by (i) going to

Dr. Galloway with her post-operative medical complaints and required follow-up appointments;

and (ii) going to other doctors and other medical facilities for her post-operative symptoms from

2004 through 2012; and (iii) until June 17, 2012, on an ER visit to Rush Foundation Hospital at

1314 19th Avenue in Meridian, MS 39301, when Dr. Daniel McKeiver found a left ovary cyst

and organs and tissue that were still left in her body from Defendant Galloway's alleged total

hysterectomy.

## E. Count II

16.      At all times pertinent hereto, Defendant Galloway was a duly licensed and

practicing physician under the laws of Mississippi and was engaged in the practice of his

profession of osteopathic medicine licensed to practice medicine in the State of Mississippi

practicing in the specialty of Obstetrics and Gynecology; Defendant Galloway held himself out

to the public in general and to Vickey Turner, in particular, as being competent in the field of

internal medicine.

17.      At all material times, Defendant Galloway owed a duty to Vickey Turner to

render professional healthcare services consistent with minimally-acceptable level of

competency, which he would be expected to possess and apply, given (a) the qualifications and

level of experience, which he held himself as possession; and (b) the circumstances of Vickey

Turner's case.

18.      At all material times, Defendant Galloway was negligent in failing to provide

Vickey Turner with the degree of advice, treatment, care, skill, and diligence, which would and

should have been provided by a reasonably prudent, minimally-competent physician in his care

of Vickey Turner, particularly by failing to inform Vickey Turner he did not complete the total hysterectomy and failing to inform Vickey Turner that tissue and organs still resided in her for eight (8) years post-operation.

19.     Defendant Galloway breached his aforesaid duties. The breach constituted negligence and was fraudulently concealed.

20.     Such negligence was the direct and proximate cause and/or proximate contributing cause of the injuries of Vickey Turner and the damages sought herein.

21.     As a direct and proximate cause and/or proximate contributing cause of the negligence of Defendant Galloway, Vickey Turner accrued medical bills, physical and emotional distress, physical pain and suffering, and bodily injury.

F. Count III

22.     The averments in Paragraphs 1 through 21 are incorporated herein.

23.     At all relevant times, Jackson HMA d/b/a Central Mississippi Medical Center ("CMMC") and its employees, staff, and agents owed non-delegable duties to Vickey Turner. Such duties included, but were not limited to, the duty of providing Vickey Turner with the degree of advice, treatment, care, skill and diligence which would and should have been provided by a reasonably prudent minimally-competent hospital, including nurses and other employees, in the care of Vickey Turner, particularly by failing to inform Vickey Turner that relevant organs and tissue in her total hysterectomy were not removed as indicated.

24.     Defendant CMMC breached is aforesaid duties and was negligent in the medical care that it rendered to Vickey Turner. The breach of the aforesaid duties constituted negligence, and such negligence was the direct and proximate cause and/or a proximate contributing cause of the injuries of Vickey Turner, and the damages sought.

25. As a direct and proximate cause and/or proximate contributing cause of the negligence of Defendant CMMC, Vickey Turner accrued medical bills, physical and emotional distress, physical pain and suffering, and bodily injury

26. That all times referred to herein and material hereto, Defendant CMMC's agents and/or Defendant Galloway was/were acting within the course of their employment with Defendant CMMC, which is chargeable with his/their negligence under the doctrine of *respondeat superior.*

### G. Count IV

27. The averments in Paragraphs 1 through 26 are incorporated.

28. Beginning in June 18, 2003, and at all relevant times in this Complaint, the care of Vickey Turner was under the management and control jointly and/or severally of Defendants Galloway and/or Defendant CMMC.

29. The injuries, damages, and harm of the nature sustained by Vickey Turner do not ordinarily occur in the absence of negligence on the part of the Defendant, and which injuries, damages, and harm are and were unusual and unexpected medical and/or agency results which ordinarily occur in the absence of negligence, medical malpractice, and or deviations from the applicable standard of care.

30. As a direct and proximate cause of the actions and/or omissions of Defendants, Vickey Turner incurred injuries, damages, and harm, as outlined herein.

### H. Damages

31. As a direct and proximate cause of the acts and/or omissions of all Defendants jointly and/or severally, Plaintiff has suffered the following injuries and damages and is entitled to recover the following:

a.      Past, present, and future medically-related expenses for the care and treatment starting from the date of Vickey Turner's surgery.

b.      Past, present, and future emotional distress.

c.      Past, present, and future pain and suffering.

d.      Past, present, and future loss of enjoyment of life.

e.      Past, present, and future medical injury.

f.      Maximum punitive damages

g.      Other such damages as may be revealed in further economic analysis and/or discovery.

1. Prayer for Relief

32.      **WHEREFORE, PREMISES CONSIDERED,** Vickey Turner requests that his Complaint be received and filed, and after a hearing thereon, that this Court will enter an Order and Judgment for Vickey Turner and against any and/or all Defendants, in an amount to be determined at trial.

**THIS** the 20th day of June , 2014.

Respectfully submitted,
**Vickey Turner,** *Plaintiff*

By: Jerry L. Bustin
Jerry L. Bustin
*Attorney for the Plaintiff*

JERRY L. BUSTIN – BAR # 7600
Bustin Law Office
P.O. Box 382
Forest, MS  39074
Phone: 601-469-4311
Fax: 601-469-4350
E-Mail: jerry.bustin@yahoo.com
*Attorney For Plaintiff*

## CERTIFICATE OF SERVICE

I, JERRY L. BUSTIN, Attorney for Plaintiff, certify that I have this day mailed via

certified mail a true and correct copy of the First Amended Complaint to the following:

Dr. Kevin Galloway, D.O.
602 W. University Avenue
Urbana, Illinois 61801

Stephen P. Krugar
Central Ms. Medical Center
P.O. Box 1163
Jackson, MS 39215-1163

Lori Ramsey
Chief Nursing Executive
1850 Chadwick Drive
Jackson, MS 39204

CSC of Rankin County, Inc.
d/b/a Central Ms. Medical Center
Mirror Lake Plaza
2829 Lakeland Drive, Suite 1502
Flowood, MS 39232

Jon-Paul Croom
Chief Operating Office
1850 Chadwick Drive
Jackson, MS 39204

Charlotte Dupre'
CEO of CMMC
1850 Chadwick Drive
Jackson, MS 39204

This the 24th day of June, 2014.

JERRY L. BUSTIN

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Stephen P. KRugaR
CeNtRAl Ms. Medical Center
P.O. Box 1163
JAckson, ms 39215-1163

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Ki 4 Henderson_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Kim Henderson_   6-19-14

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service)
7011 0470 0003 4473 7778

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LoRi RAMSey
chief NuRsing Executive
1850 Chadwick Drive
JAck Son, ms 39204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_____

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service)
7011 0470 0003 4473 5170

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-154

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CSC of Rankin County, Inc
d/b/a Central Ms Medical Center
Miraor Lake Plaza
2829 Lakeland Drive, Suite 1502
Flowood, Ms   39232

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Lynn Check_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   LYNN CHECK   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article (Trans.   7011 0470 0003 4473 5361

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jon-Paul Croom
Chief Operating Officer
1850 Chadwick Drive
Jackson, Ms   39204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 0470 0003 4473 5194

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Charlotte Dupre'
CEO of CMMC
1850 Chadwick Drive
Jackson, Ms 39204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from serv    7011 0470 0003 4473 5095

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dr. Kevin Galloway, D.O.
602 W. University Avenue
Urbana, IL 61801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
   F- Manuello                     6-19-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service    7011 0470 0003 4473 5101

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

### Notice of Claim

---

#### A.

1.     Pursuant to Miss. Code Ann. § 15-1-36 (15), Vickey Turner, by and through his Attorney, Jerry L. Bustin, against Dr. Kevin Galloway; Jackson HMA, LLC d/b/a Central Mississippi Medical Center (hereinafter "CMMC"), and CMMC's nurses and doctors, and others to be disclosed by discovery, in charge of Vickey Turner's care.

2.     This Notice is being provided to Dr. Kevin Galloway, D.O. at 602 W. University Avenue, Urbana, IL  61801 via certified mail.

3.     This Notice is being provided to Charlotte Dupré, CEO of CMMC; Jon-Paul Croom ⊡Chief Operating Officer; Lorie Ramsey ⊡Chief Nursing Executive at 1850 Chadwick Drive, Jackson, Mississippi 39204, via certified mail.

4.     This Notice is being provided to CSC of Rankin County, Inc., registered agent of Jackson HMA d/b/a Central Mississippi Medical Center, at the address Mirror Lake Plaza 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232 via certified mail.

4.     This Notice is also being provided to Stephen P. Kruger, Attorney for Jackson HMA d/b/a Central Mississippi Medical Center at 10 Cranebrake Blvd., Suite 200 [39232-2215] Post Office Box 1163, Jackson, Mississippi 39215-1163.

B.

1.      While no particular form of notice is required, it shall (1) notify the defendant of the legal basis of the claim and; (2) the type of loss sustained, including with specificity the nature of the injuries suffered. Therefore, the following information is provided.

    a.      On June 18, 2003, Vickey Turner was admitted into CMMC for a total vaginal hysterectomy.

    b.      On June 19, 2003, Vickey Turner, with a history of menorrhagia and pelvic pain underwent a total vaginal hysterectomy. According to the operative note, Dr. Kevin Galloway, D.O., dictated the uterus was removed, and other than some blood loss, there were no complications. Vickey Turner tolerated the procedure well and was taken to the recovery room in stable condition.

    c.      On June 20, 2003, Turner was discharged with instructions to follow up in the office in four weeks. She was (1) given Lorcet for pain; (2) instructed not to lift anything greater than 20-25 lbs.; (3) instructed to having nothing in her vagina for 8 weeks, and (4) instructed to not excessively bend or stoop. Turner complied with all these instructions.

    d.      On August 25, 2003, as part of a nine-week follow-up to the total vaginal hysterectomy, Turner complied of pain in her right side. Dr. Galloway reported the vaginal cuff was intact, saying the complaints were mental.

    e.      On June 16, 2004, as part of her annual exam, Turner complained of swelling in her vaginal area and down her right thigh. She also complained of soreness under he ribs. She was reffered to another doctor for a left hernia.

    f.  After her treatment at CMMC, Turner began a plethora of treatments at approximately 10 different clinics, hospitals, and emergency room visits for the same symptoms. The list of locations is incorporated by reference and attached as Exhibit "A." None of the above notice her future problem.

    g.  On June 17, 2012, on an ER visit to Rush Foundation Hospital at 1314 19th Avenue in Meridian, MS 39301, Dr. Daniel McKeiver found a left ovary cyst causing lower back pain and pelvic pain. This was recorded on June 19, 2012.

    h.  On June 25, 2012, Vickey Turner underwent a (1) laproscopy; (2) total vaginal hysterectomy; (3) bilateral salpingo-oophorectomy; (4) cystoscopy; and (5) lysis of adhesions and enterolysis (performed by Dr. Brooks Gray). The preoperative diagnosis stated Vickey Turner had (1) chronic pelvic pain; (2) left adnexal complex cyst with solid component with elevated CA-125 and CA-19-9; and (3) *an alleged previous hysterectomy*. After the operation, Vickey Turner had the same symptoms in her postoperative diagnosis. A more detailed description is incorporated by reference in this letter of notice in Exhibit "B" attached.

C.

    1.  Therefore, because of the negligence of the Dr. Kevin Galloway and CMMC's staff during the care of Vickey Turner, Vickey Turner should be entitled to relief in the form of economic and punative damages to be assessed.

Should there be any other questions or desire for additional information, please call. Your consideration of this notice of claim is appreciated

Sincerely,

Jerry L. Bustin – Bar # 4600
Attorney at Law
P.O. Box 382
Forest, MS 39074
(T) 601-469-4311
(F) 601-469-4350