UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VICKEY TURNER                                                                                   PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:14CV562 DPJ-FKB

DR. KEVIN GALLOWAY, D.O.                                                          DEFENDANT

ORDER

This medical-malpractice action is before the Court on motion of Defendant Dr. Kevin Galloway to dismiss Plaintiff Vickey Turner's Amended Complaint [10] pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Turner has responded in opposition and filed a motion for an extension of time to effect service of process [20] pursuant to Rule 4(m). Dr. Galloway opposes her request. The Court, having considered the memoranda and submissions of the parties, finds that Dr. Galloway's motion [10] should be denied and Turner's motion [20] should be granted.

I.      Facts and Procedural History

In June 2014, Plaintiff Vickey Turner filed an Amended Complaint in her state-court medical-malpractice lawsuit, adding Dr. Kevin Galloway as a defendant. Pl.'s Mot. [21] at 1. Turner asserts that Dr. Galloway negligently failed to remove all of her uterus during a total hysterectomy in June 2003. Am. Compl. [1-1] at 4  5 (CMECF pagination). Turner sent Dr. Galloway a copy of the Amended Complaint by certified mail but failed to attach a summons. Galloway Aff. [10-1] at 1.

On July 21, 2014, Dr. Galloway, who is now a citizen of Illinois, removed the case to this Court based on diversity of citizenship. Not. of Removal [1]. Thereafter, Dr. Galloway answered the Amended Complaint, raising the service defects as defenses; produced his initial

disclosures; and participated in a case-management conference.  Answer [3] at 4; Not. [7]; Case Mgmt. Order [8].  Dr. Galloway now moves for dismissal of the Amended Complaint for insufficient service of process based on the failure to include a summons.  For her part, Turner acknowledges that she failed to attach a summons but asks the Court to deny the motion to dismiss and allow her an extension of 30 days to effect service of process under Rule 4(m).

These motions are complicated by two time-bar concerns.  First, Turner admits that if the Court dismisses her Amended Complaint without prejudice for failing to effect service of process, such dismissal would functionally bar her claims because "Dr. Galloway will likely argue the statute of limitations ran on June 25, 2014."  Pl.'s Mot. [21] at 2.  Second, a dispute exists as to whether the Amended Complaint was timely filed.  Turner claims that she filed the Amended Complaint on June 24, 2014, the date on which the state court granted her motion to amend.  *Id.* at 1.  But Dr. Galloway insists that the Amended Complaint was not filed until June 26, 2014, the date on which Turner electronically filed her Amended Complaint in state court.  Def.'s Mot. [11] at 1.  Thus, Dr. Galloway argues that Turner's Amended Complaint was filed one day too late and is already time barred, so allowing her an extension of time to serve process would be futile.

With these interests in mind, the Court turns to Dr. Galloway's motion to dismiss and Turner's motion for an extension of time to effect service.

II.     Applicable Standards

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to file a motion to dismiss for insufficient service of process.  District courts deciding such motions "enjoy[] a broad discretion."  *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam);

*see also Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (per curiam) (noting that a dismissal under Rule 12(b)(5) is reviewed for abuse of discretion).

A request for additional time to effect service of process falls under Rule 4(m), which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"[E]ven if good cause is lacking, the court has discretionary power to extend time for service," and "[s]uch relief may be warranted, for example, if the applicable statute of limitations would bar the refiled action." *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (per curiam) (internal quotation marks omitted); *see Milan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 26 (5th Cir. 2008).

III.   Analysis

Turner, by neglecting to include a summons, failed to strictly comply with the rules for service of process. But federal courts generally prefer to resolve cases on their merits when possible and not on procedural or technical grounds. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010) (considering Rule 15 relation-back principles); *Ind. Bell Tel. Co., Inc. v. Lovelady*, No. SA-05-CA-285-RF, 2006 WL 508108, at *3 (W.D. Tex. Jan. 11, 2006) (denying dismissal under Rule 4(m) and extending time to effect service of process). For the reasons that follow, the Court, in its discretion, finds that dismissal under Rule 12(b)(5) is inappropriate.

Though Turner never perfected service on Dr. Galloway, she invokes Rule 4(m) and asks the Court to decline dismissal while granting time to properly effect service of process. This

raises the threshold question whether Rule 4(m) applies. Dr. Galloway contends that it does not "[w]here a summons is fatally defective." Def.'s Resp. [24] at 2.

In support of this argument, Dr. Galloway cites *Ayres v. Jacobs & Crumplar, P.A.*, a case from the Third Circuit Court of Appeals where the plaintiff, a licensed attorney, essentially fabricated a summons. 99 F.3d 565, 569 (3d Cir. 1996). But *Ayres* is non-binding and easily distinguishable. Here, Turner simply failed to attach a summons at all, which means Dr. Galloway was never served. When a defendant is "not served" within 120 days, Rule 4(m) applies. Fed. R. Civ. P. 4(m); *see also Freightmaster USA, LLC v. Fedex, Inc.*, No. 14 3229 (KSH)(CLW), 2015 WL 1472665, at *2 (D.N.J. Mar. 31, 2015) (applying Rule 4(m) where plaintiff failed to attach summons to complaint and granting extension because claim would otherwise be time barred).

Applying Rule 4(m), the Court concludes that "good cause" is lacking but that a discretionary extension should be granted. As previously noted, dismissal of Turner's Complaint without prejudice would function as a dismissal *with prejudice* because the action would be time barred upon refiling. In such cases, the Fifth Circuit Court of Appeals considers the decision to dismiss under Rule 4(m) "under the same heightened standard used to review a dismissal with prejudice." *Milan*, 546 F.3d at 326. Such dismissals with prejudice are viewed as an "'extreme sanction.'" *Id.* For instance, "where [the Fifth Circuit Court of Appeals] has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (alteration in original) (internal quotation omitted).

These factors are not present here.  First, the failure to include a summons is most certainly the fault of Turner's attorney.  Second, Dr. Galloway was not prejudiced.  He received a copy of the Amended Complaint by certified mail shortly after its filing and in time to file a timely notice of removal.  He then filed an Answer, participated in a telephonic case-management conference, and filed his initial disclosures.  Lastly, intentional misconduct has not been demonstrated on this record.

On this final note, the Court considered Turner's conduct after the deficiency was brought to light.  While Dr. Galloway did note in his Answer that "[s]ervice of process was insufficient," this often boiler-plate language failed to specify the problem.  Answer [3] at 4.  But less than two weeks after Dr. Galloway filed his motion to dismiss, new counsel made an appearance for Turner and noted that her initial attorney had significant medical issues.  Shortly after that, Turner sought and obtained an extension of time to respond to the motion to dismiss.  *See* Pl.'s Mot. [14]; *see also* Mar. 30, 2015 Text Order.  She then filed a timely response and sought the Rule 4(m) extension now before the Court.  This conduct demonstrates a desire to promptly correct the error ⸺ once the contours of the defective process were set out ⸺ rather than intentional delay.  *Cf. Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 419 (5th Cir. 2006) (affirming dismissal where the plaintiff missed the 120-day deadline for service by almost 600 days and concluding that such a delay can only be intentional).

The remaining question is whether an order granting leave to perfect service of process would be futile because the claim was time barred when originally filed.  But that issue is not squarely before the Court at this time.  The Court therefore concludes that the more appropriate approach is to grant Turner an extension of time within which to properly serve Dr. Galloway

5

and then rule on any statute-of-limitations issues Dr. Galloway may pursue in a subsequent motion.

Considering the circumstances as a whole, the Court exercises its discretion to extend the time for service under Rule 4(m). Turner's request for additional time to effect service of process is granted.

IV.     Conclusion

The Court has considered all arguments raised by the parties; those not specifically addressed would not have changed the outcome.

Based on the foregoing, the Court finds that Dr. Galloway's motion to dismiss [10] should be denied and Turner's motion for an extension of time to serve process [20] is granted. Turner is granted an additional 30 days to serve process.

Finally, portions of Turner's motion to stay the proceedings [14] remain pending. The Court concludes that that motion should be granted to the extent that all deadlines are terminated. Once service of process is accomplished, the parties should request a telephonic status conference with Magistrate Judge F. Keith Ball to determine the necessity of new deadlines.

**SO ORDERED AND ADJUDGED** this the 14th day of August, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE